EL PUEBLO, DEMANDANTE Y APELADO, *v.* DELIZ, ACUSADO Y APELANTE.

APELACION procedente de la Corte de Distrito de Aguadilla en causa contra el derecho electoral.

No. 779.—Resuelto en abril 13, 1915.

MENORES DE EDAD—COMPARECENCIA Y CONFESIÓN DE CULPABILIDAD POR UN MENOR DE EDAD.—En los procesos criminales no es necesario que los acusados menores de edad estén asistidos de su representante legal, porque ese requisito no lo exige la Ley Penal, por ser la pena de carácter personal.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Salvador Mestre, Fiscal.*

Abogado del apelante: *Sr. Luis Llorens Torres.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Al conocer el Tribunal de Distrito de Aguadilla en 11 de diciembre de 1914 en grado de apelación de una denuncia hecha en el tribunal municipal contra Santos Deliz González éste se declaró culpable de un delito contra el derecho electoral, o sea, por haberse inscrito voluntariamente como elector en las inscripciones de julio de 1914, en Isabela del Distrito Judicial Municipal de Aguadilla, sabiendo que no tenía derecho a tal inscripción por no tener la edad y, sentenciado a pagar cincuenta dollars de multa o en su defecto a sufrir un día de cárcel por cada dollar que dejare de satisfacer y también al pago de las costas, interpuso el presente recurso de apelación.

La única cuestión que su abogado plantea ante nosotros es la de que siendo el acusado menor de edad no podía prestar su consentimiento para declararse culpable por lo que sostiene que el fallo basado en tal consentimiento es anulable y que debe ser revocado en apelación y a ese efecto argumenta que no pudiendo, según nuestras leyes, dar su consentimiento un menor de edad en ningún contrato que afecte a sus bienes, ha de deducirse que tampoco podrá prestarlo para afectar a su derecho a la libertad, que es más sagrado que el de la propiedad.

Es cierto que según el Código Civil los menores de edad no pueden celebrar contratos sino por ellos la persona que los tenga bajo su guarda legal y también que el Código de Enjuiciamiento Civil exige que cuando un menor de edad es demandado deberá hacer su comparecencia en el pleito por medio de su representante legal; pero estas disposiciones, aplicables a todos los que tienen menos de veinte y un años, no han sido consignadas en la Ley Penal la que por el contrario hace responsables de sus actos criminales a todos los mayores de catorce y aun a los menores de esta edad y mayores de siete si no existe prueba plena de que al tiempo de cometer el acto criminal tenían conciencia de su maldad. Si bien el legislador estimó que los menores de veinte y un años eran incapaces de consentir en los contratos, no quiso eximir de responsabilidad sino a los menores de siete y desde el momento en que desde esa edad los hace responsables de delito no tienen necesidad de estar asistidos de su representante legal como se exige que lo estén para los actos civiles, ya que la pena de los delitos es de carácter personal.

En semejante sentido ha sido también resuelta esta misma cuestión en el caso de *Ledrick* v. *United States,* 42 Appeal Cases, Dist. of Columbia, 386, y casos en él citados, que fué decidido en noviembre 3, 1914.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison. .